# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BLAKE KENNEDY, | CASE NO. 1:09-cv-01161-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO STRIKE AND/OR DISMISS BE DENIED |
| v. | |
| F. GONZALEZ, et al., | (Doc. 22) |
| Defendants. | TWENTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Addressing Defendants' Motion to Strike and/or Dismiss**

**I.     Procedural History**

Plaintiff Thomas Blake Kennedy, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 6, 2009.  This action is proceeding on Plaintiff's amended complaint against Defendants Cate and Gonzalez for violating Plaintiff's rights under the Eighth Amendment of the United States Constitution.  Plaintiff's claim arises out of policies and practices that led to the long term denial of outdoor exercise while he was incarcerated at the California Correctional Institution (CCI), and Plaintiff is seeking damages, declaratory relief, and injunctive relief.

On August 4, 2011, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants filed a motion (1) to either dismiss or strike Plaintiff's claim for injunctive relief and (2) to strike Plaintiff's claim against them in their official capacities.  After obtaining an extension of time, Plaintiff filed an opposition on October 12, 2011, and Defendants filed a reply on October 17, 2011.

## II. Discussion

### A. Motion to Strike

Although Defendants did not specifically notice their motion pursuant to Rule 12(f), which provides that the Court may strike "an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), they cited to Garlanger v. Verbeke, 223 F.Supp.2d 596, 609 (D.N.J. 2002), in which the district court, in relevant part, ruled on a Rule 12(f) motion. To the extent that Defendants' motion is treated as brought in part under Rule 12(f), the Court recommends that it be denied.

The Ninth Circuit has held that Rule 12(f) does not authorize courts to strike claims for damages on the ground that they are precluded as a matter of law. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974-75 (9th Cir. 2010). While Defendants are seeking to strike a claim for injunctive relief and official capacity claims rather than a damages claim, there is no distinction to be made. Because the claims at issue here are not insufficient defenses, redundant, immaterial, impertinent, or scandalous, they are not subject to a Rule 12(f) motion to strike. Whittlestone, 618 F.3d at 973-75.

### B. Motion to Dismiss

#### 1. Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, the Court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-

65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Huynh, 465 F.3d at 996-97; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

**2.      Availability of Injunctive Relief**

**a.      Summary of Relevant Background Allegations**

Plaintiff is a validated member of the Northern Structure prison gang and he is serving an indeterminate Security Housing Unit (SHU) term.  In California, there are only three SHUs, located at CCI, California State Prison-Corcoran, and Pelican Bay State Prison.  Facility 4B is the SHU at CCI, and it houses 850 inmates in 8 separate housing units.  Facility 4B has 16 individual exercise modules (IEMs) that hold one to two inmates, and each housing unit in Facility 4B has 2 group exercise yards.  Pursuant to prison policy, validated gang members and associates housed on Facility 4B cannot attend the group exercise yard, which limits their exercise opportunities to use of the IEMs.

Plaintiff arrived at CCI on February 25, 2008, and between June 28, 2008, and March 13, 2010, he received an average of only 1.3 hours of exercise per week, due to lack of sufficient exercise facilities to accommodate SHU inmates.  Defendants Cate and Gonzalez are allegedly responsible for failing to rectify the situation despite their awareness of the problem.

**b.      Justiciability**

**1)      Parties' Positions**

Defendants seek dismissal of Plaintiff's claim for injunctive relief on the ground that it is moot following Plaintiff's transfer to Pelican Bay, which occurred on or around May 16, 2010.  (Doc. 10.)  Plaintiff argues that his claim for injunctive relief is not moot given that he is serving an indeterminate SHU term, there are only three SHUs in the state, and there are no reasons or requirements keeping him at Pelican Bay.  Defendants counter that while Plaintiff could be transferred back to CCI, there are SHUs are both Pelican Bay and Corcoran, and Plaintiff's contention that he could be transferred back to CCI is overly speculative.

**2)      Standing and Mootness**

Under Article III of the Constitution, the jurisdiction of federal courts is limited to justiciable cases or controversies, and for a plaintiff's claim to be justiciable, the plaintiff must have standing and the claim must not be moot.[1] Jacobs v. Clark County School District, 526 F.3d 419, 425 (9th 2008) (quotation marks and citations omitted); see also Summers v. Earth Island Inst., 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); Davis v. Fed. Election Com'n, 554 U.S. 724, 733-34, 128 S.Ct. 2759, 2768-69 (2008); Oregon Advocacy Ctr., 322 F.3d 1101, 1108 (9th Cir. 2003); Bernhardt v. County of Los Angeles, 279 F.3d 862, 868-69 (9th Cir. 2002).  Constitutional standing requires, as an irreducible minimum, that there be (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) a likelihood that the injury will be redressed by a favorable decision.  Oregon Advocacy Ctr., 322 F.3d at 1108 (quotation marks and citations omitted); see also Summers, 555 U.S. at 493; Davis, 554 U.S. at 733; Jacobs, 526 F.3d at 425; Bernhardt, 279 F.3d at 868-69.  While standing is determined based on the facts as they existed at the time the complaint was filed, an actual controversy must exist at all stages of review, and a claim becomes moot and non-justiciable if the requisite personal interest captured by the standing doctrine ceases to exist at any point during the litigation.  Jacobs, 526 F.3d at 425 (quotation marks and citations omitted); Oregon Advocacy Ctr., 322 F.3d at 1116 (quotation marks and citations omitted); see also Alvarez v. Smith, __ U.S. __, __, 130 S.Ct. 576, 580 (2009); Bernhardt, 279 F.3d at 872.

**3)      Capable-of-Repetition-Yet-Evading Review Exception**

A prisoner's transfer away from the institution at which the challenged conduct is occurring will generally moot any claims for injunctive relief relating to the prison's policies, unless the suit is certified as a class action.  Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (quotation marks omitted); see also Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  The claim is not moot, however, if there is a likelihood of recurrence. Demery v. Arpaio, 378 F.3d 1020, 1026 (9th Cir. 2004) (quotation marks omitted).  The capable-of-

---

[1] In addition to constitutional standing, there are prudential standing requirements. Oregon Advocacy Ctr., 322 F.3d 1101, 1108-09 (9th Cir. 2003); Bernhardt v. County of Los Angeles, 279 F.3d 862, 869 (9th Cir. 2002). Those are not at issue here, however.

4

repetition-yet-evading-review exception to the mootness doctrine applies when (1) the duration of the challenged action is too short to be litigated prior to cessation, and (2) there is a reasonable expectation that the same party will be subjected to the same offending conduct. Demery, 378 F.3d at 1026 (quotation marks and citations omitted); see also Turner v. Rogers, __ U.S. __, __, 131 S.Ct. 2507, 2514-15 (2011); Alvarez, __ U.S. at __, 130 S.Ct. at 581.

Here, the violation at issue is allegedly the result of an insufficient number of exercise yards and IEM cages to accommodate SHU inmates housed at CCI, a situation which still exists at CCI as far as the Court is aware. Plaintiff is serving an indeterminate SHU term and in his amended complaint, he alleges that he could be confined at CCI's Facility 4B SHU until 2057. While Plaintiff was transferred to another SHU after he filed his amended complaint, he alleges that there are only three SHUs in the state at which he can be housed.

### a) Duration of Challenged Action

This action has been pending for more than two years and it is still in the early stages of litigation. Given the length of time it takes for a civil rights case to wend through the court system and, critically, the fact that the duration of Plaintiff's SHU confinement at CCI is entirely within the control of prison officials and may therefore be very brief or exceedingly lengthy or anywhere in between, the Court finds, at the pleading stage, that the first prong is satisfied. See Turner, __ U.S. at __, 131 S.Ct. at 2515 (imprisonment of up to 12 months too short to be fully litigated); Demery, 378 F.3d at 1027 (pretrial detention temporary by nature).

### b) Reasonable Expectation of Transfer Back to CCI

Next, there must be a demonstrated probability or a reasonable expectation that Plaintiff will be transferred back to the SHU at CCI. Demery, 378 F.3d at 1027 (quotation marks and citations omitted). At this stage, there are no facts in the record upon which the Court may base a finding that Plaintiff is unlikely to be housed at CCI again. Plaintiff was housed there from 2008 to 2010, and there is no information in the record concerning why Plaintiff was transferred there in 2008 or why he was transferred to Pelican Bay in 2010. Plaintiff may never be sent back to CCI or he may be sent back tomorrow. Either is equally possible as far as the Court can discern and the factors affecting

///

the decision to transfer Plaintiff back to CCI or not are, at this point, known only to prison officials and are not within Plaintiff's control.

Finally, it bears repeating that because Plaintiff is serving an indeterminate SHU term, there are only three SHUs in the state at which he may be housed. Given these circumstances and limited to a review of the pleadings, the Court finds that the second prong is satisfied. See Turner, __ U.S. at __, 131 S.Ct. at 2515 (where respondent had been subjected to several contempt proceedings and subsequently imprisoned for failing to pay child support and he was again subject to proceedings following his release from the imprisonment at issue, there was a reasonable likelihood he would again be subject to proceedings); Demery, 378 F.3d at 1027 (detention at pretrial facility 20 times in 6 years for 1 plaintiff and detention on more than 1 occasion for 11 other plaintiffs sufficient to meet second prong of test); Oregon Advocacy Ctr., 322 F.3d at 1117-18 (challenge to policy still in existence); compare Alvarez, __ U.S. at __, 130 S.Ct. at 581 (exception to mootness doctrine not warranted where nothing in record suggested the individual plaintiffs would likely be again subjected to forfeiture proceedings); Bernhardt, 279 F.3d at 871-72 (no indication in complaint that the plaintiff would be subjected to the same situation again); Dilley, 64 F.3d at 1369 (no reasonable expectation inmate would be transferred back to Calipatria where he had been a level IV inmate at Calipatria when he filed suit, but he was later transferred to a lower-security prison and reclassified as a level III inmate); Johnson, 948 F.2d at 519 (inmate's claim against state prison warden moot where inmate had been transferred to a federal prison in a different state and was no longer subject to the state facility's no smoking policy).

While the Court expresses no opinion regarding whether Plaintiff will ultimately be entitled to an injunction, it cannot find at this early stage in the proceedings and under these circumstances that Plaintiff is so clearly foreclosed from entitlement to injunctive relief that his prayer for such relief must be dismissed from the amended complaint. The Court recommends that Defendants' motion to dismiss this claim for relief be denied.

    **c.    Section 3626(a)(1)(A)**

In addition, as cited to by Defendants, any award of equitable relief in a case such as this is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief

in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff is not currently poised to obtain an injunction but neither is his claim for such relief currently precluded by the statute.  Plaintiff's Eighth Amendment claim arises from Defendants' failure to ensure that CCI SHU inmates receive adequate outdoor exercise, a failure which results from (1) their inability to accommodate the number of inmates housed given the available exercise facilities, which include IEMs and group yards, and (2) their policies governing usage of the existing facilities by validated gang members and associates.  Plaintiff seeks an injunction requiring Defendants to construct additional IEMs and/or to utilize the existing exercise yards to provide sufficient exercise.

While Plaintiff includes an assertion that Defendants "need to appropriate the necessary funds and begin a viable plan to construct" the IEMs, Rule 8(a)(3) requires only that Plaintiff include a demand for the relief sought and  "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). (Comp., court record p. 16.)  Plaintiff's complaint must be construed more liberally because he is proceeding pro se, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), and Plaintiff's prayer for relief is not so poor a match for his legal claim that the Court can find he is seeking relief which goes beyond that which is necessary to correct the violation at issue, § 3626(a)(1)(A).  The construction of additional IEMs and/or different or additional usage of existing group yards might very well remedy a denial of exercise claim premised on the lack of sufficient IEMs and group yards to accommodate inmates.  Therefore, section 3626(a)(1)(A) does not provide a basis for dismissal of the prayer for injunctive relief at this stage in the proceedings.

### 3. Official Capacity Claim

Finally, the parties do not dispute that Plaintiff may seek prospective relief from state officials in their official capacity, although he is precluded from seeking damages against them in that capacity, and in light of the Court's finding that Defendants are not entitled to dismissal of

7

Plaintiff's injunctive relief claim, Defendants' motion to dismiss Plaintiff's official capacity claims necessarily fails. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

**III.    Recommendation**

For the reasons set forth herein, the Court RECOMMENDS that Defendants' motion to strike and/or dismiss, filed on August 4, 2011, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    December 7, 2011**                    /s/ Sheila K. Oberto
                                                                                UNITED STATES MAGISTRATE JUDGE