# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BLAKE KENNEDY,<br><br>    Plaintiff,<br><br>  v.<br><br>F. GONZALEZ, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:09-cv-1161-AWI-SKO PC<br><br>ORDER (1) ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, (3) DISMISSSING PLAINTIFF'S DECLARATORY RELIEF CLAIM, AND (4) REFERRING MATTER BACK TO MAGISTRATE JUDGE TO SET REMAINING DAMAGES CLAIM AGAINST DEFENDANT GONZALEZ FOR TRIAL<br><br>(Docs. 39 and 56) |

## I.  Background

Plaintiff Thomas Blake Kennedy ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 6, 2009. This action is proceeding on Plaintiff's amended complaint against Defendants Cate and Gonzalez ("Defendants") for violating Plaintiff's rights under the Eighth Amendment of the United States Constitution. As a validated prison gang associate and Security Housing Unit ("SHU") inmate, Plaintiff was assigned an individual exercise module ("IEM") for outdoor exercise. Plaintiff alleges that due to an insufficient number of IEMs on Facility IV-B at California Correctional Institution ("CCI"), he received very little outdoor exercise between 2008 and 2010.[1,2]

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

---

[1] Plaintiff transferred to Pelican Bay State Prison in 2010.

[2] Plaintiff received, on average, 75 minutes of outdoor exercise per week over a period of 2 years and 3 months.

636(b)(1)(B) and Local Rule 302. Defendants filed a motion for summary judgment on September 19, 2012, and on September 3, 2013, the Magistrate Judge filed a Findings and Recommendations recommending Defendants' motion be granted in part and denied in part, and Plaintiff's declaratory relief claim be dismissed as moot. Plaintiff filed a timely Objection on September 25, 2013. Local Rule 304(b). Defendants did not file a response. Local Rule 304(d).

## II.     Discussion

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. The Court is not persuaded by Plaintiff's objections to the recommendations that his declaratory and injunctive relief claims be dismissed as moot and that judgment be granted in Defendant Cate's favor.

### A.     Equitable Relief Claims

Plaintiff seeks a declaration that his rights were violated and an injunction mandating that necessary funds be appropriated for the construction of sufficient IEMs to provide Facility IV-B inmates with adequate out-of-cell exercise and that a viable plan to construct the IEMs be implemented. Defendants submitted evidence, through expert witness Robert Borg, that in 2012, construction of additional IEMs at CCI was completed and that those additional IEMs are adequate to provide ten hours of outdoor exercise per week for Facility IV-B inmates.[3]

This case arises out of the lack of adequate outdoor exercise on Facility IV-B at CCI between 2008 and 2010, a deficiency which resulted from an inadequate number of IEMs. In light of Defendants' evidence that construction of additional IEMs was completed in 2012 and that the additional IEMs are sufficient to allow for adequate exercise, Plaintiff's requests for declaratory and injunctive relief are moot. 18 U.S.C. § 3626(a)(1)(A); *Doty v. County of Lassen*, 37 F.3d 540, 544-45 (9th Cir. 1994). Plaintiff has not been housed at CCI since 2010, precluding him from offering his own opinion regarding the sufficiency of the current facilities at CCI, Fed. R. Evid. 701, and Plaintiff's desire to attack the credibility of Mr. Borg does not suffice to create a triable

---

[3] The number of IEMs increased from 32 to 105.

issue of fact, *National Union Fire. Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983).

### B. Defendant Cate

Defendant Cate was the Secretary of the California Department of Corrections and Rehabilitation during events relevant to this action.  Defendant Cate met his initial burden as the moving party by providing evidence that he lacked personal knowledge of the Eighth Amendment violation at issue because he was not responsible for yard groups or yard assignments at individual institutions, and he did not have direct oversight over SHU operations at CCI.  The burden then shifted to Plaintiff to set forth evidence sufficient to demonstrate the existence of genuine issues of material fact; a mere scintilla of evidence will not suffice.  *E.g., McDonald v. Sun Oil Co.*, 548 F.3d 774, 778-79 (9th Cir. 2008).

Liability for the violation of Plaintiff's Eighth Amendment rights may not be imposed on Defendant Cate in the absence of a causal connection between Cate's actions or omissions and the violation of Plaintiff's rights at CCI between 2008 and 2010.  *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  Plaintiff may not rely on general assertions regarding other pending court cases to establish that causal connection.[4]  Fed. R. Evid. 201; *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003); *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).  Furthermore, as the Magistrate Judge found, a lieutenant's general statement that "the Secretary" (Cate) was responsible for the policy precluding group yard for gang members and associates does not suffice to show the existence of a genuine issue of material fact as to Cate's personal knowledge that there were an insufficient number of IEMs at CCI between 2008 and 2010.[5]  (E.g., Doc. 9, Amend. Comp., ¶18.)

---

[4] The Court notes that Plaintiff's opposition is 413 pages long, 368 pages of which are exhibits, and there is little to no citation to specific documents within each separate exhibit, or to the relevant portions within each specific document.  The Court does not bear the burden of searching the record for triable issues of fact.  *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 386 (9th Cir. 2010); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

[5] Plaintiff objects to the finding that the statement was speculative, but that objection concerns the admissibility of the statement rather than the finding that, even if the statement is considered, it does not establish Cate's personal knowledge of the situation which led to the violation of Plaintiff's rights.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on September 3, 2013, is adopted in full;

2. Defendants Cate and Gonzalez's motion for summary judgment, filed on September 19, 2012, is GRANTED IN PART and DENIED IN PART as follows:

   a. Defendant Cate's motion for summary adjudication on Plaintiff's Eighth Amendment claim is granted;

   b. Defendant Gonzalez's motion for summary adjudication on Plaintiff's Eighth Amendment claim is denied;

   c. Defendant Gonzalez's motion for summary adjudication on the ground of qualified immunity is denied; and

   d. Plaintiff's claim for injunctive relief is dismissed as moot;

3. Pursuant to 28 U.S.C. § 1915A, Plaintiff's claim for declaratory relief is dismissed as moot; and

4. This matter is referred back to the Magistrate Judge to set Plaintiff's remaining Eighth Amendment damages claim against Defendant Gonzalez for trial.

IT IS SO ORDERED.

Dated:   October 29, 2013                      _____
                                                SENIOR DISTRICT JUDGE