# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BLAKE KENNEDY, | Case No. 1:09-cv-01161-AWI-SKO (PC) |
| Plaintiff, | ORDER SETTING SETTLEMENT CONFERENCE |
| v. | |
| F. GONZALEZ, | Date: May 19, 2014<br>Time: 10:30 a.m.<br>Place: Courtroom 9 (SAB) |
| Defendant. | |

Plaintiff Thomas Blake Kennedy ("Plaintiff"), a state prisoner proceeding pro, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 6, 2009. This action for damages now proceeds on Plaintiff's amended complaint, filed on March 24, 2010, against Defendant F. Gonzalez ("Defendant") for violating Plaintiff's rights under the Eighth Amendment of the United States Constitution. Jury trial is currently scheduled for June 10, 2014.

Following review of the parties' pretrial statements, the Court finds it appropriate to set a settlement conference in this case for May 19, 2014, at 10:30 a.m. before United States Magistrate Judge Stanley A. Boone in Courtroom #9 of the United States District Court, 2500 Tulare Street, Fresno, California, 93721.

Accordingly, the Court HEREBY ORDERS as follows:

1. This case is set for a settlement conference on May 19, 2014, at 10:30 a.m. at United States District Court, 2500 Tulare Street, Courtroom #9, Fresno, California, 93721.

2. Defendant's lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on Defendant's behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and relief sought.[2] The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Each party shall (1) provide a confidential settlement conference statement, described below, to United States Magistrate Judge Stanley A. Boone, United States District Court, 2500 Tulare St., Fresno, California, 93721, or via e-mail at saborders@caed.uscourts.gov, to arrive no later than **May 1, 2014**, and (2) file a Notice of Submission of Confidential Settlement Conference Statement (See Local Rule 270(d)).

Settlement statements **should not be filed** with the Clerk of the Court **or served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

   a. A brief statement of the facts of the case.

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences. . . ." *United States v. United States District Court for the Northern Mariana Islands*, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989), *cited with approval by Official Airline Guides, Inc. v. Goss*, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. *Pittman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on recon. in part*, *Pitman v. Brinker Int'l, Inc.*, No. CV02-1886PHX DGC, 2003 WL 23353478, at *3 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.*, 270 F. 3d 590, 596-97 (8th Cir. 2001).

[2] The Court will determine whether Plaintiff will appear in person or by telephone after it reviews the settlement conference statements.

      b.      A brief statement of the claims and defenses, e.g., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

      c.      A summary of the proceedings to date.

      d.      An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

      e.      The relief sought.

      f.      The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

      g.      A brief statement of each party's expectations and goals for the settlement conference.

IT IS SO ORDERED.

Dated:   **April 21, 2014**                           **/s/ Sheila K. Oberto**
                                                             UNITED STATES MAGISTRATE JUDGE