# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BLAKE KENNEDY,<br><br>    Plaintiff,<br><br>    v.<br><br>F. GONZALEZ,<br><br>    Defendant.<br>_____/ | Case No. 1:09-cv-01161-AWI-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INMATE WITNESS GUILLEN AND GRANTING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INMATE WITNESS GAYTAN<br><br>(Docs. 66 and 67) |

**I.  Procedural History**

Plaintiff Thomas Blake Kennedy, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 6, 2009.  This action for damages now proceeds on Plaintiff's amended complaint, filed on March 24, 2010, against Defendant F. Gonzalez ("Defendant") for violating Plaintiff's rights under the Eighth Amendment of the United States Constitution.  Plaintiff's claim arises out of Defendant's alleged failure to provide him with adequate outdoor exercise between 2008 and 2010 while Plaintiff was incarcerated at California Correctional Institution ("CCI") in Tehachapi, California.

This matter is set for jury trial on June 10, 2014.  Pursuant to the second scheduling order, Plaintiff filed timely motions for the attendance of incarcerated witnesses Antonio Guillen and John Gaytan on March 17, 2014.  Defendant filed a timely opposition on April 14, 2014.

///

## II. Legal Standard

As set forth in the second scheduling order, an incarcerated witness who agrees to attend trial voluntarily to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court, and the Court will not issue such an order unless it is satisfied that the prospective witness has actual knowledge of relevant facts.

In addition, in determining whether to issue a writ of habeas corpus ad testificandum directing the production of an inmate witness for trial, the district court must consider the following factors: (1) whether the prisoner's presence will substantially further the resolution of the case; (2) security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).

## III. Discussion

### A. Inmate Guillen

Inmate Guillen's proposed testimony relates to the lack of any violent or disruptive behavior by validated prisoners during group exercise yard at CCI between 2000 and 2003.[1] (Doc. 66, Kennedy Dec., p. 1.) While the Court rejects Defendant's argument that Defendant Guillen lacks the personal knowledge to testify regarding violent or disruptive incidents, or lack thereof, that occurred on his yard in a prison where he resided during the events, his proposed testimony nonetheless does not directly relate to whether Defendant violated Plaintiff's Eighth Amendment rights between 2008 and 2010, and his proposed testimony is remote in that it concerns a period of time at CCI which predates Plaintiff's claim by years. Accordingly, the Court finds that inmate Guillen's presence at trial will not substantially further resolution of the case. *Wiggins*, 717 F.2d at 468 n.1. In light of this finding, the Court does not reach the other factors and Plaintiff's motion for the attendance of inmate Guillen at trial is denied.

---

[1] Inmate Guillen is not qualified to testify regarding the conditions affecting validated SHU inmates at CCI, Facility IV-B, between 2008 and 2010, and Plaintiff does not contend otherwise.

### B.     Inmate Gaytan

Plaintiff and inmate Gaytan were cellmates at CCI, Facility IV-B, during the time of the events at issue.  (Doc. 67, Kennedy Dec., p. 1.)  Given inmate Gaytan's personal knowledge regarding conditions in Facility IV-B at CCI during the relevant time period, and the effect of those conditions on Plaintiff, Plaintiff is entitled to call him as a witness and Defendant's argument to the contrary is rejected.  Fed. R. Evid. 401, 602, 701.

With respect to the second *Wiggins* factor, there is no evidence before the Court that inmate Gaytan presents a particularized security risk.  The bare fact that he is a validated Northern Structure gang member does not demonstrate the existence of an actual security risk so substantial that it outweighs the benefit to Plaintiff in having inmate Gaytan testify at trial.  The California Department of Corrections and Rehabilitation is presumed competent to transport and house its prisoners, and the Court is certainly capable of accommodating the appearance of prisoners in court.

Turning to the third factor, while inmate Gaytan is currently incarcerated in Pelican Bay State Prison, the need to transport him and house him temporarily does not outweigh the importance of eye and/or ear witnesses at trial, particular given the existence of two state prisons with SHUs within driving distance of the courthouse.

Finally, there is no information in the record regarding factor four.

For the reasons set forth herein, Plaintiff's motion for the attendance of inmate Gaytan at trial is granted.

### IV.     Conclusion and Order

Based on the foregoing, Plaintiff's motion for the attendance of inmate Guillen at trial is DENIED and Plaintiff's motion for the attendance of inmate Gaytan at trial is GRANTED.

IT IS SO ORDERED.

Dated:   April 23, 2014                                  _____
                                                                           SENIOR  DISTRICT  JUDGE